JOCELYN BURTON (SBN 135879)
BURTON EMPLOYMENT LAW
1939 Harrison Street, Suite 924
Oakland, CA 94612
Ph: (510) 318-6316
Fax: (510) 473-3672
e-mail: jburton@burtonemploymentlaw.com

Attorneys for Plaintiffs
Donald Calkin, Gordon Clark, Silvia David
Sally Foster, John Higgins, Janet Lacampagne,
Kenneth Sanchez, Colleen Sullivan and
Lee Sullivan

DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
TERENCE J. HOWZELL, State Bar #140822
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3960
Facsimile: (415) 554-4248
E-Mail: terence.howzell@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CALKIN, GORDON CLARK, SILVIA DAVID, SALLY FOSTER, JOHN HIGGINS, JANET LACAMPAGNE, KENNETH SANCHEZ, COLLEEN SULLIVAN and LEE SULLIVAN<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA<br><br>Defendant(s). | Case Number: CV 12-02584 JCS<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER<br><br>Date: August 31, 2012<br>Time: 1:30 pm<br>Courtroom: G, 15th Floor |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. Jurisdiction & Service
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 1983, 12101. The court has supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1367. The Defendant has been served and there are not any issues regarding personal jurisdiction or venue.

2a. Facts Submitted by the Plaintiffs and Defendant
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

On or about February 2008, a charter initiative (Proposition B) was approved by the voters of San Francisco, CA establishing the Deferred Retirement Option Program (DROP) for certain members of San Francisco Employees Retirement System Police Plans. Under the DROP, eligible SFPD employees could elect to have the equivalent of their month service retirement allowance posted to a DROP account while they continued to work in their current position in the SFPD and to receive their salary and benefits as active employees. If eligible SFPD employees participated in DROP, they were required to separate from employment with Defendant on or before the expiration of the period they were permitted to participate in DROP and retire. Upon retirement, former DROP participants received service retirement benefits based on age, service credit and salary when they entered DROP, plus applicable cost of living adjustments that occurred while they were participating in DROP.

*Form updated January 2012*

Eligible employees of SFPD could apply to participate in the DROP from July 1, 2008 through June 30, 2011. To be eligible for DROP, SFPD employees had to meet the following requirements as certified by the SFPD:

a. occupied the rank of Police Officer, Sergeant, Inspector, Lieutenant, or Captain;
b. be an active employee of the SFPD;
c. be at least 50 years of age at time of entry into DROP;
d. have at least 25 years of credited service as a sworn member of the SFPD; and
e. be a full duty sworn officer.

Police officers are permitted in DROP for a maximum of 36 months. Sergeants are permitted to participate in DROP for a maximum of 24 months.

2b. Additional Facts Submitted by Plaintiffs

Plaintiffs are current or former police officers of the San Francisco Police Department (SFPD). At all times at issue in the Complaint, Plaintiffs suffered from disabilities and were assigned to light duty job assignments within the SFPD.

If an employee participating in DROP becomes disabled, the employee is not permitted to participate in DROP during the period of disability. Employees of the SFPD who were otherwise eligible to participate in DROP were denied entry into DROP if they were mentally and/or physically disabled. Disabled employees of SFPD who had been accommodated with desk assignments were denied entry into DROP.

2c. Plaintiffs submit that the following factual issues are in dispute:
1. Whether employees who did not have disabilities or who were not perceived as having disabilities and who had desk assignments prior to their participation in DROP, continued to maintain desk assignments and were not sent out on patrol once they were admitted into DROP?
2. Whether Plaintiffs are performing job assignments and duties with DROP participants and

*Form updated January 2012*

that the duties being performed by some of the DROP participants are within the physical limitations of Plaintiffs?

3. Whether Defendants engaged in an interactive active process with Plaintiffs before barring them from DROP?

2d. Additional Facts Submitted by Defendant

In the Voter Information Pamphlet, the proponent's argument in favor of Proposition B advised San Francisco voters that "the DROP is specifically targeted for officers in active neighborhood patrol and in the Investigations Bureau where our staff shortages are the more critical."

The DROP was implemented by Defendant beginning on July 1, 2008. The City's Retirement System provided a Guide and Frequently Asked Questions (FAQs) and cover letter to potential enrollees. On July 1, 2008, the Chief of the San Francisco Police Department issued Department-wide Bulletin A 08-158 titled DROP Implementation Informational Sheet for Employees. The Bulletin included enrollment and eligibility information for DROP.

The Bulletin eligibility provision stated in part that: "Full duty means the sworn member cannot perform the essential job functions of his or her rank. A member is not "full duty" if, for any reason, he or she cannot perform the essential job functions of his or her rank, whether by physical restriction, or otherwise. If the reason a member cannot perform the essential job functions of his or rank is because of disability, then the member may still be "full duty" if he or she can perform the essential functions of his or rank with a reasonably [sic] accommodation, as required by law."

The Bulletin assignments provision stated in part that: "DROP enrollees may be assigned to the Field Operations Bureau, Investigations Bureau, or Airport Bureau, at the Chief's discretion."

*Form updated January 2012*

2e. Defendant submits the following factual issues are in dispute:

1. Whether Plaintiff met the eligibility requirements for DROP?
2. Whether Plaintiffs were able to perform the essential job functions with or without accommodation?
3. Whether Plaintiffs or Defendant failed to engage in a timely, good faith interactive process to determine effective reasonable accommodations, if any?
4. Whether DROP is rationally related to a legitimate interest?

3. <u>Legal Issues</u>
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiffs submit that the following legal issues are disputed:

a. Whether Defendant has discriminated against Plaintiffs on the basis of disability by limiting, segregating, or classifying Plaintiffs in a way that adversely affects the opportunities or status of Plaintiffs because of their disabilities?

b. Whether Defendant has discriminated against Plaintiffs on the basis of disability by utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability?

c. Whether Defendant has discriminated against Plaintiffs by denying employment opportunities to Plaintiffs who are otherwise qualified individuals, if such denials are based on Defendant's need to make reasonable accommodations to the physical or mental impairments to Plaintiffs?

d. Whether Defendant used qualification standards or other selection criteria that screen out Plaintiffs because they are individuals with disabilities that are not job-related or consistent with business necessity?

e. Whether Defendant violated Plaintiffs' constitutional rights to Equal Protection of the laws?

Defendants submit that the following legal issues are in dispute:

a. Whether Plaintiffs were qualified individuals with disabilities in that were they able to perform the essential job functions with or without accommodation.

*Form updated January 2012*

b. Whether Plaintiffs can establish that Defendant failed to engage in a timely, good faith interactive process with the Plaintiffs to determine effective reasonable accommodations, if any.

c. Whether Defendant's conduct in implementing DROP results in unequal treatment that is not rationally related to a legitimate interest.

4. Motions
*All prior and pending motions, their current status, and any anticipated motions.*

Plaintiffs may file a motion for summary judgment. Defendants will file a motion for summary judgment or, in the alternative, partial summary judgment.

5. Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

The parties do not anticipate amending the pleadings.

6. Evidence Preservation
*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

Plaintiffs have been advised to retain all documents related to their participation in the DROP program.

7. Disclosures
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties have made their initial disclosures.

8. Discovery
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

The parties have not taken any discovery to date. The parties will conduct the following discovery:

Requests for Admissions

Interrogatories

*Form updated January 2012*

Depositions

Document Requests

The parties do not seek any limitations or modifications of the discovery rules.

9. Class Actions
*If a class action, a proposal for how and when the class will be certified.*

10. Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

11. Relief
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs seek the sum that they would have been entitled to if they had been permitted to participate in the DROP. In addition, each Plaintiff seeks compensatory damages. Finally, Plaintiffs seek attorneys' fees.

12. Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have agreed to a settlement conference before a Magistrate Judge. Prior to the settlement conference, Plaintiffs will require information regarding damages from Defendant.

13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   \_\_\_X\_ YES   \_\_\_\_ NO*

*Form updated January 2012*

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Discovery cut-off: April 12, 2013

Summary Judgment Hearing Date: May 31, 2013

Last Day To Designate Experts And Produce Expert Reports: June 21, 2013

Last Day To Designate Rebuttal Experts And Produce Supp. Reports: July 8, 2013

Completion Of Expert Discovery: July 19, 2013

Pretrial Disclosures: August 2, 2013

Objections to Pretrial Disclosures August 16, 2013

Pretrial Conference: August 23, 2013 at 1:30 pm

Trial: September 9, 2013

*Form updated January 2012*

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The case will be tried by a jury. The expected length of trial is 10 days.

19. Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiffs have filed the Certification of Interested Entities or Persons. Defendant is exempt from this requirement because it is a government entity.

20. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Dated:            Jocelyn Burton

Counsel for plaintiffs

Dated:            Terence Howzell

Counsel for defendant

*Form updated January 2012*

## CASE MANGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated January 2012*